79 U.S. 164
 20 L.Ed. 364
 12 Wall. 164
 INSURANCE COMPANY
v.
HUCHBERGERS.
 December Term, 1870
 
 1
 ERROR to the Northern District of Illinois.
 
 
 2
 L. & M. Huchberger brought suit against the Merchants' Insurance Company of Providence, R. I., declaring upon a contract to insure them for one year from September 14th, 1866, against loss by fire on their goods 'contained in the brick building No. 173 Lake Street, Chicago.' The narr also set out that it was provided in the policy that if the situation of the property should during the existence of the policy be changed by the assured, the policy should be void; and also it should be void, unless countersigned by the agents of said Merchants' Insurance Company.
 
 
 3
 After the averment of interest in the property insured, the narr continued:
 
 
 4
 'And the said plaintiffs aver that afterwards, to wit, on the 2d of March, A. D. 1867, the said property in the said policy of insurance mentioned was burnt, and destroyed by fire. And that the situation of the property has not been, during the existence of the said policy, altered or changed by the said plaintiffs.'
 
 
 5
 The company pleaded the general issue; and a trial having been had on the evidence a verdict was given for the plaintiffs. The defendants then moved an arrest of judgment on the grounds:
 
 
 6
 1. That the narr did not aver that the goods were burned at the particular place mentioned in the contract, to wit, 'the brick building, No. 173 Lake Street, Chicago.'
 
 
 7
 2. That the countersigning of the policy by the agents of the insurance company, was a condition precedent, and ought to have been averred in the narr.
 
 
 8
 This motion being overruled and judgment given for the plaintiff, the company brought the case here on the sufficiency of the narr.
 
 
 9
 No counsel appeared personally for the insurance company, the plaintiff in error. A brief was, however, filed by Mr. O. B. Sansum in its behalf, arguing that the contract was to insure goods in a particular place only, while for aught that appeared they had been burned elsewhere. Neither, as the brief argued, was the policy to be of effect unless countersigned, yet there was no averment that it had been. Accordingly no title to sue had been shown, and for this want of title shown, judgment should have been arrested.
 
 
 Mr. Lyman Trumbull, contra:
 
 
 10
 1st. The inference from the allegations which are made is clearly enough that the goods were burned in the building where they were insured; but if it were not so, the declaration in this respect is as specific as the policy. If the one does not allege where the goods were burned, neither does the other limit the liability to a burning at any particular place.
 
 
 11
 2d. As to the objection of a want of averment of a countersigning, the declaration alleges that the insurance company 'made and executed to the plaintiffs a certain policy of insurance in writing, whereby, &c.' This was sufficient. If not executed so as to bind the company, the policy was not the instrument declared on, and the plaintiffs must have failed in their proof. After verdict, the court will presume that every material fact inferable from what is alleged was proved on the trial.
 
 
 12
 The writs of error have obviously been prosecuted for delay. We ask damages, as provided by the 23d Rule of court, which declares that:
 
 
 13
 'In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at the rate of ten per cent., in addition to interest, shall be awarded on the amount of the judgment.'
 
 The CHIEF JUSTICE:
 
 14
 The court is of opinion that this writ of error can have been taken out only for delay. We affirm the judgment below with ten per cent.
 
 
 15
 DAMAGES IN ADDITION TO INTEREST.
 
 
 16
 NOTE.—Two other judgments, given under like circumstances, were affirmed with the same penalty.